NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHEN SUN,<br><br>                Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   15-71642<br><br>Agency No. A201-213-687<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Zhen Sun, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provides its own review of the evidence and law, "we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). We review adverse credibility determinations and denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "Under this standard, we must uphold the agency's determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted).

1.    Based on the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). Sun testified that he was fired after and because of his arrest on February 20, 2011, contradicting his asylum application that indicated his employment ended in January 2011. This inconsistency calls into question his assertion that his employment ended in retaliation for his arrest. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). Moreover, Sun mentioned for the first time on cross examination that

he was terminated "[b]ecause of" his arrest and omitted that fact in both his declaration and his direct examination. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("An adverse credibility determination may be supported by omissions that are not details, but new allegations that tell a much different—and more compelling—story of persecution than the initial application." (citation, alteration, and internal quotation marks omitted)). The agency was permitted to reject his explanation for his omission. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (holding that, even if the petitioner's explanation was reasonable, "the IJ and Board were not compelled to accept [the petitioner's] explanation for the discrepancy").

Sun argues that he tried to correct the discrepancy of his termination date, but the IJ never gave him an opportunity to do so. This argument conflicts with the IJ's explicit instructions to Sun's attorney to ask about his employment history to the extent relevant and the attorney's failure to do so. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[T]he opportunity to explain may be provided through cross-examination by the government, or even direct examination by the [non-citizen's] own attorney[.]"), *overruled on other grounds by Alam*, 11 F.4th at 1135-37. It also conflicts with the government's questions about Sun's employment history and his failure to provide a cogent answer. *See id.*

In addition, substantial evidence supports the agency's finding that Sun

failed to provide sufficient corroborating evidence to defeat the adverse credibility determination. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (stating that substantial evidence supported that the petitioner failed to provide "sufficient corroborating evidence" to "rehabilitate his [non-credible] testimony"). The only corroborating evidence Sun provided was a letter from his mother, which omitted key details underlying his application, and a certificate and photograph from his baptism in California. *See Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (noting that the petitioner failed to provide "reasonably obtainable corroborating evidence" where she only submitted photographs of her baptismal ceremony and a bail bond receipt).

Because the evidence does not compel a contrary conclusion, we uphold the adverse credibility determination, and deny the petition as to the asylum and withholding claims.[1]

2.      Although "[a]n adverse credibility determination is not necessarily a death knell to CAT protection," substantial evidence supports the agency's denial

---

[1] We do not address Sun's contentions that the IJ erred in discrediting his testimony for his failure to identify the denomination of the government church he initially attended in China or to explain leaving the government church because the BIA did not deny relief on these grounds. *See Mukulumbutu*, 977 F.3d at 925 ("In reviewing an adverse credibility determination, we consider 'the reasons explicitly identified by the BIA, and . . . the reasoning articulated in the IJ's . . . decision in support of those reasons.'" (citation omitted)). And even if we were to hold that the IJ erred in relying on these two bases, substantial evidence still supports the adverse credibility finding under the totality of the circumstances.

of CAT relief. *Shrestha*, 590 F.3d at 1048. Absent credible testimony, Sun's CAT claim rests on generalized reports of torture in China and his mother's letter. We cannot hold that this evidence compels the conclusion that it is "more likely than not that [Sun] would be tortured if removed to" China. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)); *see also Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (holding that a petitioner's claim that he "will be arrested upon his return to China" failed to overcome the BIA's denial of CAT relief). Accordingly, we deny the petition as to the CAT claim.[2]

**PETITION DENIED.**

---

[2] We need not address Sun's challenge to the agency's alternative determination that, even assuming he had testified credibly, he failed to show eligibility for relief because substantial evidence supports the adverse credibility determination, which is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("[C]ourts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").